UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEHED DIAMOND, on behalf of herself and  :
all others similarly situated,           :
                                         :
                              Plaintiffs, :
                                         :
            -against-                    :
                                         :
GEORGE E. PATAKI, individually and in his :      03 Civ. 4642 (SHS)
official capacity as Governor of the     :
State of New York; ELIOT SPITZER,        :
individually and in his official capacity :
as Attorney General of the State of New York; :   OPINION & ORDER
ALAN G. HEVESI, individually and in his  :
official capacity as Comptroller of the  :
State of New York; GARY L. CADY, in his  :
official capacity as Clerk of Delaware County, and :
on behalf of a defendant class of New York :
County Clerks, CHRISTOPHER JONES,        :
                                         :
                              Defendants. :
------------------------------------------------------------x
JOSEPH BETESH, on behalf of himself      :
and all others similarly situated,       :
                                         :
                              Plaintiffs, :
                                         :
            -against-                    :
                                         :
GEORGE E. PATAKI, individually and in his :
official capacity as Governor of the     :
State of New York, ELIOT SPITZER,        :
individually and in his official capacity :
as Attorney General of the State of New York, :
ALAN HEVESI, individually and in his     :
official capacity as Comptroller of the  :
State of New York, GLORIA D'AMICO,       :
individually and in her official capacity as :
Clerk of the County of Queens, and on behalf :
of a defendant class of New York County Clerks, :
and ABRAHAM BETESH,                      :
                                         :
                              Defendants. :
------------------------------------------------------------x

1

SIDNEY H. STEIN, U.S. District Judge.

The named plaintiffs in these consolidated actions – Jehed Diamond and Joseph Betesh – allege violations of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.  They each contend that New York State's lis pendens statute, N.Y. C.P.L.R. §§ 6501-6515, violates their constitutional right to due process, both on its face and as applied to each plaintiff.  In addition, Diamond contends that the lis pendens statute violates both her equal protection rights as a married person and her New York state constitutional rights to due process and equal protection pursuant to the New York State Constitution.

Diamond and Betesh originally brought their claims against the then New York State Governor George E. Pataki, Attorney General Elliot Spitzer, and Comptroller Alan Hevesi.[1]  Diamond also brings her claims against Gary L. Cady – the Delaware County Clerk – and Christopher Jones – the individual who filed the notice of pendency with the Delaware County Clerk's office.  Similarly, Betesh also brings his claims against Gloria D'Amico – the Queens County Clerk – and Abraham Betesh – the individual who filed the notice of pendency with the Queens County Clerk's office.  All defendants except Christopher Jones and Abraham Betesh are referred to collectively as "the State Defendants."

In <u>Diaz v. Pataki</u>, 368 F. Supp. 2d 265 (S.D.N.Y. 2005), this Court upheld the constitutionality of the same statute at issue here in the face of essentially the same claims.  The New York State defendants in these consolidated actions have now moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaints for failure to state a claim.  Because nothing about

---

[1] Fed. R. Civ. P. 25(d)(1) provides when a public officer is a party to an action in an official capacity and ceases to hold office, the officer's successor will be substituted as a party.  The caption therefore will henceforth be changed to reflect the fact that Eliot Spitzer is now the Governor, Andrew M. Cuomo is now the Attorney General, and Thomas P. DiNapoli is now the Comptroller.

2

Diamond and Betesh's due process claims justifies a result different than that in Diaz, defendants' motions are granted with respect to all due process claims.  Because Diamond does not bring valid equal protection or state constitutional claims, the defendants' motion is also granted with respect to those remaining claims.

**I.    Background**

The following facts are taken from the complaints and are assumed to be true for the purposes of this motion.  See McKenna v. Wright, 386 F.3d 432, 434 (2d Cir. 2004) (citing Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 250 (2d Cir. 2001)); Diaz, 368 F. Supp. 2d at 269.

A.    Facts Alleged in the Diamond Complaint

In 1987, plaintiff Diamond and her husband, Michael Mendelson, jointly purchased real property on Ridge Road in Delaware County, New York.  (Diamond Compl. ¶ 30.)  Although the title to the property was in Mendelson's name, the property was purchased with joint assets, and the couple's intent was to hold it as joint property pursuant to New York's domestic relations laws.  (Id. ¶ 31.)  At some unspecified point after the property was purchased, Diamond and Mendelson legally separated.  (Id. ¶ 30.)

On May 17, 2002, Mendelson conveyed the title and deed of the Ridge Road property to Diamond, who was a bona fide purchaser for fair consideration.  (Id. ¶ 32.)  This transfer of title took place almost immediately after Diamond learned for the first time that her husband had, four days earlier, secretly dissipated all the marital assets including assets from their joint law practice.  (Id. ¶ 33.)  Diamond later learned that Mendleson had secretly obtained a $75,000 mortgage on the property (id. ¶ 34), and had additionally obtained a series of personal loans from several individuals, including defendant Christopher Jones.  (Id. ¶¶ 41-42.)  Unable to afford to

3

keep the Ridge Road property, Diamond arranged to sell the property and scheduled a closing for November 13, 2002. (Id. ¶ 44.) However, two weeks prior to the scheduled closing, Jones filed a state lawsuit against both Mendelson and Diamond, as well as a notice of pendency with the Delaware County Clerk's office. (Id. ¶ 45.) Jones alleged in that state litigation that he loaned $90,000 to Mendelson in reliance upon Mendelson's promise to repay the loan out of the proceeds from the prospective sale of the Ridge Road property, and that Mendelson had signed a promissory note specifying the terms of the loan. (Diamond Compl. at Ex. B.)

In order to be able to sell the property, Diamond signed an escrow agreement with Jones one week prior to the scheduled closing in which she agreed to forgo state court remedies against Jones and also placed $100,000 from the sale of the property in escrow pending the outcome of Jones' lawsuit against Mendelson and Diamond. (Id. ¶ 52.) Diamond asserts that the lis pendens on the Ridge Road property "continues to date through the successor escrow agreement," thereby continuing to deprive her of substantial assets. (Id. ¶ 59.) In June 2003, plaintiff Diamond filed one of these consolidated actions in federal court challenging the constitutionality of the New York lis pendens statute.

    B.    <u>Facts Alleged in the Betesh Complaint</u>

Plaintiff Joseph Betesh owns a two-family home located in East Elmhurst, New York. (Betesh Compl. ¶ 33.) Betesh's home had originally been owned by his mother, who purchased it for the benefit of Betesh with the intention of gifting it to him. (Id. ¶ 34). After the initial purchase, Betesh resided in the second floor apartment of the home, and rented out the first floor apartment to a tenant. (Id. ¶ 33.) On December 23, 1996, Betesh's mother transferred the home to Betesh, and that transfer was effectuated by him with the consent of his mother using a power

4

of attorney that had been executed by his mother.  (Id. ¶ 35.)  At some unspecified point in time after the transfer, Betesh's mother passed away.  (See id. ¶ 42.)

On June 16, 2004, a fire in the house caused approximately $87,000 in damages.  (Id. ¶ 36.)  Because the house was uninsured, Betesh was unable to make the necessary repairs.  (Id. ¶ 37.)  As a result, the tenant in the first floor apartment discontinued paying rent in July 2004.  (Id.)  In August 2004, Betesh signed a loan commitment offered by a housing program affiliated with the New York City Department of Housing and Urban Development for a $60,000 home equity loan at a favorable interest rate.  (Id. ¶ 38.)

On August 12, 2004, Joseph Betesh was served with a lawsuit filed by his brother, Abraham Betesh, in New York Supreme Court, Queens County, claiming that Joseph Betesh had acted under an invalid power of attorney and had improperly transferred the residence from their mother to himself in 1996.  (Id. ¶ 39.)  The complaint did not refer to the fact that Betesh's brother had also filed a notice of pendency in conjunction with the action.  (Id.)  In late August 2004, Betesh received a phone call from the program that had offered him the home equity loan informing him that they could no longer offer the loan because of the notice of pendency on the property.  (Id. ¶ 40.)  In March 2005, Betesh filed a motion in the state action to dismiss his brother's state court action and to vacate the notice of pendency on state law grounds.  (Id. ¶ 44.)  In May 2005, plaintiff Betesh filed the present action in federal court challenging the constitutionality of the New York lis pendens statute.

        C.        Facts Alleged Regarding the New York Statutory Scheme for Lis Pendens

The Diamond and Betesh complaints each describe the lis pendens statutory scheme set forth in New York's Civil Practice Law and Rules.  (Diamond Compl. ¶¶ 20-29; Betesh Compl. ¶¶ 21-32.)  In Diaz v. Pataki, this Court described in some detail both the history of the lis

5

pendens doctrine, as well as New York's statutory lis pendens procedure, including the various statutory provisions through which an aggrieved person may move to lift a notice of pendency or substitute a bond for that notice. See 368 F. Supp. 2d at 272-74. Familiarity with that Opinion is assumed.

As noted above, the State defendants have now moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaints for failure to state a claim.[2]

## II. Discussion

### A. Legal Standard

On a Rule 12(b)(6) motion the court must assess only the "legal feasibility of the complaint . . . ." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998) (quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984)). As set forth above, in deciding a motion to dismiss a complaint the Court must accept as true all of the plaintiff's factual allegations and draw all "reasonable inferences" in favor of the plaintiff. Mason v. Amer. Tobacco Co., 346 F.3d 36, 39 (2d Cir. 2003). "On the other hand, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." Id. (internal quotation marks omitted); see also Cooper, 140 F.3d at 440 ("[B]ald assertions and conclusions of law are insufficient . . . ."). Ultimately, the Court may dismiss the plaintiff's complaint if "it appears beyond doubt that he can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 79 S.Ct. 99, 2 L.Ed. 2d 80 (1957); see also Swierkiewicz v. Sorema, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002).

### B. Diamond and Betesh's Due Process Claims Should Be Dismissed

---

[2] Previously, plaintiffs moved for orders, inter alia: 1) certifying a plaintiff class of property owners; 2) certifying a defendant class of New York county clerks; and 3) granting a preliminary injunction enjoining enforcement of New York's lis pendens statute. Those motions were denied. See Order dated August 16, 2006.

In Diaz, this Court dismissed the plaintiff's facial challenge to New York's lis pendens statute because that plaintiff failed to allege facts showing that there exists no set of circumstances under which the statute would be valid.  See 368 F. Supp. 2d at 274-75.  Indeed, as noted in that Opinion, other courts have similarly held that the application of New York's lis pendens statute did not violate due process.  Id. (citing United States v. Premises Known As 281 Syosset Woodbury Road, Woodbury, New York, 791 F. Supp. 61, 65 (E.D.N.Y. 1992); United States v. Rivieccio, 661 F. Supp. 281, 296-97 (E.D.N.Y. 1987)).  For the reasons set forth in Diaz, Diamond and Betesh's facial challenges to the New York lis pendens statute are dismissed.

As noted, plaintiffs not only claim New York's lis pendens statute on its face deprives them of due process of law but they also claim that as applied to them it violates due process.  The latter due process challenge is analyzed pursuant to the three factors required by the Supreme Court's analysis in Connecticut v. Doehr: 1) consideration of the "private interest" affected by the filing of a lis pendens; 2) an examination of "the risk of erroneous deprivation through the procedures under attack and the probable value of additional or alternative safeguards;" and 3) attention to "the interest of the party seeking the prejudgment remedy, with, nonetheless, due regard for any ancillary interest the government may have in providing the procedure or forgoing the added burden of providing greater protections."  501 U.S. 1, 11, 111 S.Ct. 2105, 115 L.Ed. 2d 1; British Int'l Ins. Co. Ltd. v. Seguros La Republica, 212 F.3d 138, 143 (2d Cir. 2000).  Applying these three factors, this Court dismissed the similar as-applied challenge brought in Diaz.  See 368 F. Supp. 2d at 277-78.

Here, plaintiffs attempt to distinguish their as-applied challenge by noting that whereas Diaz arose in the context of an underlying action in a mortgage foreclosure, the present underlying actions in each litigation do not.  As an initial matter, the Court takes note that at least

7

two other courts have upheld lis pendens statutes nearly identical to the statute in New York in cases in which the underlying lawsuit arose in a non-mortgage foreclosure context.  See Chrysler Corp. v. Fedders Corp., 670 F.2d 1316, 1317 (3d Cir. 1982) (plaintiff in underlying action filed notice of lis pendens in connection with its lawsuit alleging that defendant engaged in a fraudulent conspiracy to acquire certain assets without paying plaintiff the agreed upon consideration); Williams v. Bartlett, 189 Conn. 471, 473, 457 A.2d 290 (1983) (plaintiffs in underlying action filed notice of lis pendens in connection with lawsuit in which they claimed fraudulent misrepresentation and conveyance of real property), summarily aff'd, 464 U.S. 801, 104 S.Ct. 46, 78 L.Ed. 2d 67 (1983).

The Court now turns to the facts alleged in Diamond and Betesh's complaints in order to analyze them pursuant to the three part constitutional balancing test.

### 1.  *The Private Interest*

In Diaz, this Court considered the "private interest" asserted by the plaintiff and found that because "'[t]he lis pendens itself creates no additional right in the property on the part of the plaintiff [in the underlying suit], but simply allows third parties to know that a lawsuit is pending in which the plaintiff is seeking to establish such a right,' . . . the interest affected by the filing of a lis pendens is minimal."  368 F. Supp. 2d at 277 (quoting Doehr, 501 U.S. at 29, 111 S.Ct 2105, 115 L.Ed. 2d 1 (Rehnquist, C.J., concurring)).  Here, Diamond and Betesh's private interests are identical to that of the plaintiff in Diaz, and accordingly, the Court finds that their private interests are also minimal.

### 2.  *Risk of Erroneous Deprivation*

In Diaz, this Court found that the "the risk of erroneous deprivation is insubstantial" where the plaintiff fell behind in the mortgage payments and the mortgage company filed the lis

pendens against his home in connection with its foreclosure action. 368 F. Supp. 2d at 277-78. Here, plaintiffs concede that in the context of an underlying mortgage forclosure suit, "even if there are disputed issues, there will presumably always be at least 'probable cause' for the proceeding," but they assert that "in other kinds of real property actions, there can be no such presumption of the validity of the lis pendens." (Plaintiffs' Reply Memorandum of Law, at 6.)

However, this purported distinction is unpersuasive given the facts that led to the underlying suit and notice of lis pendens for each plaintiff here. First, the underlying action against Diamond sought to collect a debt. (Diamond Compl. ¶¶ 41-45.) Lawsuits that involve "determining the existence of a debt" are "ordinarily uncomplicated matters that lend themselves to documentary proof" leading to the conclusion that the risk of erroneous deprivation is insubstantial. Doehr, 501 U.S. at 14; Shaumyan v. O'Neil, 987 F.2d 122, 126 (2d Cir. 1993) ("[T]he Court [in Doehr] emphasized that disputes between debtors and creditors readily lend themselves to accurate ex parte assessments of the merits.")

Specifically, Jones – the plaintiff in the underlying action in Diamond – alleged that he loaned $90,000 to Mendelson – Diamond's husband – in reliance upon Mendelson's promise to repay the loan out of the proceeds of the prospective sale of the Ridge Road property, and that Mendelson signed a promissory note specifying the terms of the loan. (Diamond Compl. at Ex. B.) Thus, while Diamond's case presents an underlying dispute concerning an arguably different type of debt than the mortgage at issue in Diaz, Diamond's underlying action nevertheless lends itself to documentary proof – the promissory note – and therefore does not pose a substantial risk of erroneous deprivation.

Second, the underlying lawsuit against Betesh stemmed from his brother's claim that Betesh obtained title to the property by use of an improperly obtained power of attorney.

(Betesh Compl. ¶ 39.)  This action, just as in Diamond, involves documentary proof and is far removed from the allegations of assault that concerned the Supreme Court in Doehr.  See 501 U.S. at 14.  Moreover, New York's lis pendens proceedings provide for a state court hearing on notice and that court has the authority to cancel the notice of pendency if it finds the underlying lawsuit was not prosecuted or maintained in good faith.  See N.Y. C.P.L.R. § 6514(b); Diaz 368 F. Supp. 2d at 273-74.  Indeed, a court in a previous constitutional challenge to a similar lis pendens statute – in which the underlying action involved allegations of fraudulent misrepresentation – found that "[t]he prompt postfiling hearing afforded under the statute eliminates the risk of an erroneous deprivation of property interests."  See Williams, 189 Conn. at 480.  Accordingly, this Court finds that in Diamond as well as in Betesh, the underlying actions are relatively uncomplicated, document based actions where the risk of erroneous deprivation is insubstantial.

          3.     *The Interest of the Party Seeking the Lis Pendens, with Due Regard for the Government Interest*

This Court in Diaz found the countervailing private interest to be "substantial" because the party seeking the lis pendens has a strong interest in ensuring that his claim not be defeated by a prejudgment transfer of the property.  368 F. Supp. 2d at 278 (citing Williams, 189 Conn. at 479).  Here, plaintiffs contend that "the parties suing [in the underlying actions against Diamond and Betesh] did not have any interest in the real property other than assuring its availability to pay a judgment if they prevailed."  (Plaintiffs' Reply Memorandum of Law, at 6-7.)  This argument misstates the interest of the underlying plaintiff in each case.  Abraham Betesh filed suit against his brother – plaintiff Joseph Betesh in the present action – contending that Joseph Betesh had fraudulently transferred the property, and seeking a determination by the state court that he had a right to at least part of the property pursuant to New York's probate laws.  (Betesh

10

Compl. ¶¶ 41-42.)  Similarly, Jones lent money to Mendelson – Diamond's husband – in reliance upon Mendelson's promise to repay the loan out of the proceeds from the prospective sale of the Ridge Road property.  (Diamond Compl. at Ex. B.)  While the debt owed to Jones may not have been directly related to the purchase of the real property – as in the case of a mortgage – Jones nevertheless possessed a promissory note that was negotiated based on Mendelson's promise to sell the home and pay Jones with the proceeds.  Accordingly, Jones had a strong interest in ensuring that his claim not be defeated by a prejudgment transfer.

Moreoever, this Court found in Diaz that the lis pendens statute serves an important state interest by preventing the additional litigation that would result if rights to real property could be defeated by transfer to a purchaser without notice, and thus the statute maintains the public's confidence in the judicial process.  368 F. Supp. 2d at 278.  In the present case, this factor weighs just as heavily as it did in Diaz in favor of upholding the constitutionality of the statute.

In sum, the Court concludes that for both Diamond and Betesh, the private interest at stake is relatively minimal, the risk of erroneous deprivation is insubstantial, and the countervailing private interest of the parties seeking the prejudgment remedy and state interests are both significant.  Therefore, even in the non-mortgage context alleged in each of the present complaints, the Court concludes that Diamond and Betesh have failed to state valid as-applied due process claims.

11

### C. Diamond's Equal Protection Claim Should Be Dismissed

Diamond also alleges that New York's lis pendens statute violates her right to equal protection of the law because it "discriminates against married persons who are creditors of their spouses by depriving them of the protections, rights, and remedies granted non-spousal creditors without any rational basis." (Diamond Compl. ¶ 68.) Specifically, Diamond contends that she, "as a creditor of Mendelson stands in a disadvantaged position vis a vis Jones" because Jones "was able to place a lis pendens on the marital residence" whereas Diamond claims that she could not do the same. (Id. ¶ 56.) To state an equal protection claim, Diamond:

> must allege that a government actor intentionally discriminated against [her] on the basis of [membership in a protected class]. Such intentional discrimination can be demonstrated in several ways. First, a law or policy is discriminatory on its face if it expressly classifies persons on the basis of [membership in a protected class]. In addition, a law which is facially neutral violates equal protection if it is applied in a discriminatory fashion. Lastly, a facially neutral statute violates equal protection if it was motivated by animus and its application results in a discriminatory effect.

Hayden v. County of Nassau, 180 F.3d 42, 48 (2d Cir. 1999) (internal quotation marks and citations omitted).

Diamond's complaint fails to allege, even in conclusory fashion, the basic elements of an equal protection claim. Diamond does not, and indeed cannot, allege that New York's lis pendens statute is discriminatory on its face because the statute does not explicitly refer to marital status or distinguish in any way between spousal and non-spousal creditors. See N.Y. C.P.L.R. §§ 6501-6515. Diamond does not allege that the lis pendens statute was motivated by animus or is applied in a discriminatory fashion. Moreover, she cannot credibly allege that the statute's application causes a discriminatory effect. The only reason Jones could file a notice of pendency in connection with his claims and Diamond could not is that Jones brought an action

12

"in which the judgment demanded would affect the title to . . . real property." N.Y. C.P.L.R. § 6501.  Diamond, on the other hand, has not brought such an action.  Accordingly, Diamond's equal protection claim, both facially and as applied, is dismissed.

        D.        Diamond's New York State Constitutional Claims Should Be Dismissed

Plaintiff Diamond also alleges in a single paragraph of her seventy-two paragraph long complaint that the New York lis pendens statute violates her due process and equal protection rights as guaranteed by the New York State Constitution.  (Diamond Compl. ¶71.)  However, pursuant to the Eleventh Amendment of the U.S. Constitution, this Court may not grant plaintiff the injunctive relief she seeks against State officials pursuant to her state constitutional claims.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); Alliance of American Insurers v. Cuomo, 854 F.2d 591, 604 (2d Cir. 1988) ("the Eleventh Amendment precludes the District Court from adjudicating plaintiffs' claim that [two New York statutes] violate New York State's Constitution.").  Accordingly, Diamond's state constitutional claims are dismissed.[3]

---

[3] Similarly, in a single paragraph Diamond alleges in a conclusory fashion that the defendants "violate CPLR Article 65, Debtor and Creditor Law, Sections 276 and 278 and other state statutes."  (Compl. ¶72.)  Nowhere else in the complaint and nowhere in the extensive briefing on these motions are those statutory claims either raised or even adverted to.  To whatever extent plaintiff has asserted state statutory claims, the Court declines supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).  See United Mine Workers v. Gibbs, 383 U.S. 715, 721-29, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

### III. Conclusion

As explained above, because nothing about Diamond and Betesh's due process claims justifies a result different than that in Diaz, defendants' motions are granted with respect to all due process claims. Because Diamond does not bring valid equal protection or state constitutional claims, the defendants' motion is also granted with respect to those remaining claims. Accordingly, the defendants' motions arc granted,[4] and the Clerk of Court is instructed to enter judgment dismissing both complaints.

Dated: New York, New York

February 14, 2007

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[4] Although Christopher Jones and Abraham Betesh, the plaintiffs in the underlying state actions, have not formally joined in the State defendants' motion to dismiss, the reasoning set forth in this Opinion & Order also applies to any claims against Christopher Jones and Abraham Betesh. Accordingly, they are also dismissed as defendants.

14